**CENTRAL FREIGHT LINES, INC.,**
Petitioner Cross Respondent,

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent Cross Petitioner.**

No. 79–3661
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 27, 1980.

Fulbright & Jaworski, A. J. Harper, II, L. G. Clinton, Jr., Michael P. Horan, Houston, Tex., for petitioner cross respondent.

Elliott Moore, Deputy Assoc. Gen. Counsel, Diana Orantes Ceresi, NLRB, Washington, D.C., for respondent cross petitioner.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Circuit Judges.

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

PER CURIAM:

Petitioner Central Freight Lines, Inc. has requested this Court to review and set aside an order of the National Labor Relations Board that was issued against it on October 15, 1979. 29 U.S.C.A. §§ 151, 160. The Board has cross-appealed for enforcement of that same order. The order and the Board's accompanying decision are reported at 246 N.L.R.B. No. 13 (1979). That order affirmed the rulings, findings and conclusions of the administrative law judge, and adopted, with some minor modifications, his recommended order.[1] In his decision and recommended order, the administrative law judge held that petitioner had violated Sections 8(a)(1) and (3) of the National Labor Relations Act by discharging two of its employees for union activities, and had violated section 8(a)(1) of the Act by making oral threats to several of its employees.

█ Since this Court views the issues raised in the petitions before it as challenges to the facts[2] or to the credibility of the witnesses, all issues have been reviewed under the limited "substantial evidence" standard of review. *N.L.R.B. v. Florida Medical Center, Inc.*, 576 F.2d 666, 671–73 (5th Cir.1978); *Retail Store Employees Union Local No. 400 v. N.L.R.B.*, 458 F.2d 792, 793 (D.C.Cir.1972); *Morgan Precision Parts v. N.L.R.B.*, 444 F.2d 1210, 1213–14 (5th Cir.1971). This Court's review of the record and briefs, the relevant case law, and the context and sequence of events in this case reveals that the final decision and order of the Board must be enforced. *N.L.R.B. v. Houston Distribution Services, Inc.*, 573 F.2d 260, 264–66 (5th Cir.1978) (timing of union activity and alleged unlawful conduct

supports inferences that discharges were motivated by anti-unionism); *United States Rubber Co. v. N.L.R.B.*, 384 F.2d 660, 662–63 (5th Cir.1967) (summary discharges of employees who were union organizers without opportunity to explain supports conclusion that employer was motivated by anti-union animus).

█ Even assuming that petitioner's asserted reasons for the discharges were not solely pretextual, the record as a whole contains sufficient, substantial evidence that the challenged discharges were motivated by an anti-union purpose. Thus, the counsel for the Board satisfied respondent's burden to submit evidence of the causal connection between the anti-union purpose and the discharges. *Delco-Remy Division, General Motors Corporation v. N.L.R.B.*, 596 F.2d 1295, 1305 (5th Cir.1979); *N.L.R.B. v. Aero Corporation*, 581 F.2d 511, 514–15 (5th Cir.1978).

█ In light of the evidence in the record of causally related anti-union animus, the counsel for the Board also presented substantial evidence to support the Board's finding that the challenged oral statements were in violation of Section 8(a)(1). The record as a whole does not suggest that petitioner ever attempted to clarify these statements by explaining to its employees that they would not be subject to reprisal for union activity. *N.L.R.B. v. Aero Corporation*, supra, 581 F.2d at 514; *Sturgis Newport Business Forms, Inc. v. N.L.R.B.*, supra, 563 F.2d 1256–57.

Thus, in accordance with the facts, the law and this Court's limited review of the issues raised in these petitions, the petition

1. The order as modified by the Board uses narrow injunctive language so as to restrain petitioner from interfering with the rights of its employees in a "like or related manner" to petitioner's conduct in this case. The modified order also includes the full reinstatement language traditionally provided by the Board.

2. Prior case law establishes that even the Board's determinations involving statements alleged to be in violation of Section 8(a)(1) of the Act are to be reviewed under the usual "substantial evidence" standard. The focus is upon whether or not the words themselves or the

context in which they are used suggest an element of coercion. *Sturgis Newport Business Forms, Inc. v. N.L.R.B.*, 563 F.2d 1252, 1256–57 (5th Cir.1977) (board's decision must be sustained if record as a whole includes "substantial evidence" that the threatening statement tended to be coercive); *St. Louis Car Division General Steel Industries, Inc. v. N.L.R.B.*, 439 F.2d 1145, 1148 (8th Cir.1971) (in light of entire record, ambiguous conversations could not be reasonably construed as attempts to discourage union activity).

to set aside the Board's order is denied, and the Board's petition for enforcement is granted.

ENFORCED.